[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant, John Evans, appeals the judgment of the Hamilton County Court of Common Pleas sentencing him to consecutive terms of imprisonment for breaking and entering pursuant to R.C. 2911.13(A) and possessing criminal tools pursuant to R.C. 2923.24(A). He was convicted of the offenses after entering pleas of no contest.
{¶ 3} In his sole assignment of error, Evans argues that the court erred in ordering that the eleven-month sentences for the convictions be served consecutively. To impose consecutive sentences, the trial court must find that such sentences are necessary to protect the public from future crime or to punish the offender, and that consecutive sentences are not disproportionate to the offender's conduct and the danger he poses to the public.[1] It must also find one of the following: (1) when the offender committed the offenses, he was awaiting trial or sentencing or was under post-release control; (2) the harm caused was so great or unusual that no single prison term would adequately reflect the offender's conduct; or (3) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.[2] If the trial court imposes consecutive sentences, it must give its reasons for doing so.[3]
{¶ 4} In the case at bar, the trial court found that consecutive sentences were necessary to protect the public or to punish Evans and that they were not disproportionate to the seriousness of Evans's conduct and to the danger he posed to the public. The court further found that Evans's criminal history showed a need to protect the public from future crime. The court explicitly stated its reasons for imposing consecutive sentences, noting that Evans had multiple prior convictions, had served multiple prior prison terms, had been diagnosed with bipolar disorder, and had resisted treatment. Given its findings and its stated reasons for imposing consecutive sentences, we find no error in the trial court's imposition of consecutive sentences.
 {¶ 5} Therefore, the assignment of error is overruled, and the judgment of the trial court is affirmed.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] R.C. 2929.14(E)(4).
[2] Id.
[3] R.C. 2929.19(B)(2)(c); State v. Robinson, 1st Dist. No. C-020086, 2003-Ohio-779.